UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL YOUNG, | ) | CASE NO. 1:11-CV-1073 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY TIBBALS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Michael Young filed the above-captioned action under 42 U.S.C. § 1983 against Terry Tibbals, who is the Warden at Mansfield Correctional Institution.  In the Complaint, plaintiff alleges that he was denied access to a Catholic priest in violation of his First Amendment right to freedom of religion.  He seeks unspecified monetary damages and injunctive relief.

**Background**

At the time he filed the instant Complaint, plaintiff was a state prisoner and  incarcerated in a segregation unit at Mansfield Correctional Institution.[1]  In April 2011, plaintiff sent a series of complaints to MCI's Deputy Warden.  In these complaints, plaintiff claimed that he had repeatedly requested access to Catholic religious materials and a Catholic priest but that his requests had been ignored or denied. (Exh. to Compl. at 4/18/11 ICR and 4/25/11 ICR).  Deputy Warden Keith Shaw responded by stating that, per MCI prison policy, "[t]he Institution is not required to provide you with a Catholic Priest while in segregation." (Exh. to Compl. at 4/25/11

---

[1]     As discussed *infra*, subsequent to the filing of the Complaint, plaintiff filed a document notifying the Court that he was transferred to Toledo Correctional Institute. (Plaintiff's Address Change Notice filed 7/1/11).

1

ICR).

Plaintiff subsequently filed a Grievance on May 3, 2011, in which he again complained that he had not been given access to "a Catholic Bible, Catholic material, and a Catholic priest." (Exh. to Compl. at 5/3/11 Grievance).  He further stated that he had been told that a priest would be coming to see him but that "it is almost a year later" and he still had not been provided access to a priest. *Id*.  In addition, on May 5, 2011, plaintiff alleges that he spoke to defendant Tibbals, the Warden at MCI, who "told [plaintiff] to send a kite and let him know my problem." (Compl. at ¶ IV).  Plaintiff alleges that he sent defendant Tibbals an Informal Complaint Resolution describing his concerns and that defendant Tibbals responded, "telling [plaintiff] he will talk to the chaplain about the Catholic priest, because they have a contract." (Compl. at ¶ IV).

On May 13, 2011, Inspector Sharon Berry filed a Disposition of plaintiff's Grievance. (Exh. To Compl.at Disp.of Grievance).  Therein, she noted that plaintiff had been given a Bible the day before he submitted his Grievance, and that a prison chaplain had tried to speak with him to address his religious questions and concerns but that plaintiff "had refused to come out." *Id*. Inspector Berry then stated that "[a]t this time there is a Catholic volunteer who conducts services for general population inmates. .. [h]owever, there is not a volunteer who is willing to provide services in segregation nor is it required." *Id*.  She stated that plaintiff could elect to add a priest of his own choosing to his visit list, and seek approval of that priest for visits. *Id*. She then found no violation of prison policy or procedure, and denied plaintiff's Grievance. *Id.*

The prison chaplain, Chaplain Butts, then allegedly informed plaintiff on May 19, 2011 that "there is no Catholic priest here, to his knowledge" and that "he does not know why Inspector Berry wants him to listen to my confession, when he is not aloud [sic]." (Compl. at ¶

2

IV).

Plaintiff filed the instant Complaint on May 26, 2011, alleging the violation of his First Amendment rights to freedom of religion. Therein, plaintiff seeks (1) unspecified monetary damages and (2) injunctive relief in the form of an Order from the Court that MCI hire a Catholic priest.  Subsequently, on July 1, 2011, plaintiff notified the Court that he had been transferred to Toledo Correctional Institute. (Plaintiff's Address Change Notice filed 7/1/11).

## Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a prisoner proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).[2]  A complaint is frivolous "where it lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law or fact if it "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown*, 207 F.3d at

---

[2]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

866.  *See also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'"  *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Thomas*, 481 F.3d at 437.

For the reasons stated below, this action is dismissed pursuant to §1915(e).

## Analysis

Plaintiff's Complaint names only one defendant, i.e. defendant Terry Tibbals, the Warden at MCI while plaintiff was incarcerated there.  Plaintiff does not specify whether he is suing defendant Tibbals in his official or individual capacity. Assuming that plaintiff has alleged both official and individual capacity claims against defendant Tibbals arising from plaintiff's lack of access to Catholic religious materials and a priest, the Court finds that plaintiff's Complaint is subject to *sua sponte* dismissal as a matter of law for the following reasons.

To the extent that plaintiff is suing defendant Tibbals for monetary relief in his official capacity as Warden of MCI, plaintiff's claim against defendant Tibbals is the equivalent of a claim against the State of Ohio. *See Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  As such, it is clear that defendant Tibbals is absolutely immune from liability under the Eleventh Amendment to the U.S. Constitution.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their

official capacity.").  Moreover, in his official capacity as Warden, defendant Tibbals is not a "person" subject to suit within the meaning of § 1983.  *Will*, 491 at 71(concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for the purpose of a § 1983 claim).  Thus, to the extent that plaintiff asserts an official capacity claim against defendant Tibbals for monetary damages, it is *sua sponte* dismissed pursuant to §1915(e)(2)(B).

To the extent plaintiff is attempting to hold defendant Tibbals liable for monetary damages in his individual capacity as Warden of MCI, plaintiff's claim is also dismissed. Plaintiff does not allege that defendant Tibbals himself engaged in any active unconstitutional behavior relating to plaintiff's alleged lack of access to a Catholic priest. Indeed, plaintiff's only mention of defendant Tibbals in his Complaint is to state that (1) plaintiff spoke to defendant about his concerns regarding access to a Catholic priest; (2) defendant told plaintiff to submit a kite to him to advise him of the problem; and (3) defendant responded to plaintiff's kite by stating that he would "talk to the chaplain about the Catholic priest, because they have a contract." (Compl. at ¶ IV). There is nothing in these allegations to suggest that defendant Tibbals himself denied plaintiff access to a Catholic priest or otherwise infringed on his freedom to exercise his religious faith.

To the extent plaintiff is attempting to hold defendant Tibbals responsible for the actions of the Deputy Warden, Inspector, or Prison Chaplain, it is clear that the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff has not alleged any facts to suggest that Warden Tibbals "implicitly authorized,

5

approved or knowingly acquiesced in the unconstitutional conduct of [any] offending subordinate." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, to the extent plaintiff asserts a claim against defendant Tibbals for monetary damages in his individual capacity, it is *sua sponte* dismissed as a matter of law pursuant to § 1915(e)(2)(B).

With regard to plaintiff's claim for injunctive relief, the Court dismisses this claim pursuant to § 1915(e) as well.  Plaintiff's Complaint requests that this Court require MCI to hire a Catholic priest for those inmates who need him.  However, by his own acknowledgment, plaintiff is no longer an inmate at MCI.  Thus, this issue is moot and plaintiff's request for injunctive relief is dismissed as a matter of law. *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir 1996) (finding that § 1983 claims brought against prison for searching plaintiff's mail were "now moot as [plaintiff] is no longer confined to the institution that searched his mail").

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:   8/09/11          UNITED STATES DISTRICT JUDGE

---

[3]   28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

6